ORIGINAL

# In the United States Court of Federal Claims

No. 15-292C
Filed: April 25, 2016

**FILED**

APR 2 5 2016

U.S. COURT OF
FEDERAL CLAIMS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| **COREY LEA,** | * | |
| | * | |
| **Plaintiff,** | * | **Pro Se Plaintiff; Lack of Subject Matter Jurisdiction; Breach of Contract; Collateral Estoppel; Third Party Beneficiary.** |
| v. | * | |
| | * | |
| | * | |
| | * | |
| **UNITED STATES, et al.** | * | |
| | * | |
| **Defendants.[1]** | * | |
| * * * * * * * * * * * * * * | * | |

**Corey Lea**, Hendersonville, TN, pro se plaintiff.

**Jessica L. Cole**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her were **Reginald T. Blades, Jr.**, Assistant Director, **Robert E. Kirschman, Jr.**, Director, Commercial Litigation Branch, and **Benjamin C. Mizer**, Principal Deputy Assistant Attorney General, Civil Division, Washington, D.C.

---

[1] Although the caption on plaintiff's complaint as filed lists the "**UNITED STATES, et al.**" as defendants in this action, plaintiff does not identify the intended, additional defendants. (capitalization and emphasis in original). Regardless, all claims filed in the United States Court of Federal Claims must be filed against the United States as the only defendant. See Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC) (2015). The United States Supreme Court has indicated, for suits filed in the United States Court of Federal Claims and its predecessors, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941) (citation omitted); see also Kurt v. United States, 103 Fed. Cl. 384, 386 (2012); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003). Because it is well-established that this court does not have jurisdiction to hear any claims against defendants other than the United States, all of plaintiff's claims against any defendant other than the United States are dismissed.

**O R D E R**

HORN, J.

**FINDINGS OF FACT**

This is pro se plaintiff Corey Lea's third action initiated in the United States Court of Federal Claims arising from the same underlying facts filed within a two-year time period. Plaintiff alleges that, in November 2007, the now-dissolved company Corey Lea, Inc. obtained a loan from Farmers National Bank to purchase farm property.[2] This loan was guaranteed by the United States Department of Agriculture (USDA) Farm Service Agency (FSA) through a loan guarantee agreement. As a result, Farmers National Bank held a first mortgage on 90 percent of the property, and the USDA FSA held a second mortgage on 10 percent of the property.[3] Mr. Lea attached the loan guarantee agreement to the complaint filed in the current action, which identifies "COREY LEA, INC." as the "Borrower," and "FARMERS NATIONAL BANK" as the "Lender." (capitalization in original). Although plaintiff did not provide a copy of the second mortgage held by the USDA FSA with his complaint, defendant provided a copy of this second mortgage as an attachment to its motion to dismiss. This second mortgage document identifies the mortgagor as "COREY LEA, INCORPORATED." (capitalization in original).

Subsequently, in December 2007, plaintiff alleges that he secured a loan from Independence Bank to fund the construction of a new house on the property and to refinance the existing loan from Farmers National Bank.[4] According to plaintiff, he requested a loan subordination from the USDA, however, the USDA denied the request after conducting an appraisal of the property and appraising the value of the property at $18,035.00 less than the amount of debt that plaintiff would incur with the new loan, if completed. Following this denial, plaintiff filed a complaint with the USDA Office of Civil

---

[2] The facts stated herein are derived from plaintiff's complaint in the above-captioned case as well as two previous decisions issued by two judges of this court in separate cases, and the decision issued by the United States Court of Appeals for the Federal Circuit, on appeal from plaintiff's first case filed in this court. Each of the decisions addressed several of the same claims that plaintiff again alleges in the above-captioned case. See Lea v. United States, No. 14-44C, 2014 WL 2101367 (Fed. Cl. May 19, 2014) (Lea I), aff'd in part, vacated in part, 592 F. App'x 930 (Fed. Cir. 2014) (Lea II); Lea v. United States, 120 Fed. Cl. 440 (2015) (Lea III) recons. denied (Fed. Cl. March17, 2015).

[3] The USDA FSA offers a loan guarantee program designed to assist farmers to obtain funds for purchasing and operating farms through which private banks offer loans to individuals and the USDA FSA guarantees a portion of the loan. See 7 C.F.R. § 762 (2016).

[4] It is not clear from the parties' submissions to the court whether the loan from Independence Bank was obtained by plaintiff, Corey Lea, the individual, or Corey Lea, Inc., the corporate entity. The Independence Bank loan, however, is not relevant to this order.

Rights, which was received by the USDA on May 1, 2008, alleging that the denial of the loan resulted from racial discrimination. It is not clear from the record in the above-captioned case how these allegations were resolved.

In February 2009, Farmers National Bank initiated a foreclosure action on the farm property due to a failure to make payments for five months. Plaintiff alleges that, by July 28, 2009, the office of the USDA FSA responsible for adjudicating plaintiff's discrimination complaint had requested suspension of the foreclosure action. In October 2009, however, Farmers National Bank was granted a Judgment and Order of Sale as to the farm property. Thereafter, plaintiff filed multiple suits in the United States District Court for the Western District of Kentucky, and the United States Court of Federal Claims, "seeking an injunction against the farm's foreclosure as well as damages for the USDA's alleged earlier discrimination."

In addition to the above-captioned case, which the court refers to as Lea IV, plaintiff, Corey Lea, has filed at least eleven separate actions within the federal judiciary system based on the same set of facts, including: Lea v. United States, No. 3:16-CV-00735 (M.D. Tenn. April 13, 2016) (ongoing); Lea v. Farmers Nat'l Bank, No. 3:15-CV-00595 (M.D. Tenn. May 27, 2015) (finding plaintiff's case "to be legally frivolous by reason of improper venue"); Lea v. United States, No. 14-44C, 2014 WL 2101367 (Fed. Cl. May 19, 2014) (Lea I), aff'd in part, vacated in part, 592 F. App'x 930 (Fed. Cir. 2014) (Lea II) (voluntarily dismissed); Lea v. United States, 120 Fed. Cl. 440 (Lea III) (granting defendant's motion to dismiss); Lea v. United States, No. 14-CV-00040-TBR (W.D. Ky. May 29, 2014) (dismissing plaintiff's complaint for violation of the sanctions against him); Lea v. United States, No. 13-CV-00110-JHM (W.D. Ky. Feb. 6, 2014) (finding plaintiff's claims frivolous and issuing sanctions enjoining plaintiff from filing related civil claims), aff'd, No. 14-5493 (6th Cir. Dec. 18, 2014), cert. denied, Case No. 14-8315 (April 6, 2015); Lea v. United States, No. 10-CV-00052-JHM (W.D. Ky. Jul. 11, 2013) (granting defendants' motion to dismiss), aff'd, No. 14-5445 (6th Cir. Dec. 18, 2014), cert. denied, Case No. 14-8315 (April 6, 2015); Lea v. United States, 1:11-CV-00094-JHM (W.D. Ky. Aug. 26, 2011) (transferred to Sixth Circuit at plaintiff's request); Lea v. United States, No. 10-CV-00029-JHM (W.D. Ky. Jan. 19, 2011) (granting defendants' motion to dismiss), aff'd, No. 11-5969 (6th Cir. Aug. 7, 2013); Lea v. Kentucky, 1:09-CV-0056-TBR (W.D. Ky. April 20, 2010) (granting defendants' motion to dismiss); Lea v. Farmers Nat'l Bank, 1:09-CV-00075-JHM-ERG (W.D. Ky. July 21, 2009) (granting defendants' motion to dismiss and finding that pro se plaintiff Corey Lea cannot pursue claim on behalf of corporation, Corey Lea, Inc.).

A number of pro se, plaintiff Corey Lea's prior complaints have been dismissed and found frivolous. For example, the United States District Court for the Western District of Kentucky specifically issued sanctions against plaintiff for his "submission of frivolous and duplicative lawsuits" and enjoined "**Plaintiff Corey Lea**" and his corporate affiliate, "**Corey Lea, Inc.**," from "filing any civil lawsuit in the United States District Court, Western District of Kentucky alleging or asserting factual or legal claims based upon or arising out of any of the legal or factual claims alleged" in plaintiff's previous actions. Lea v. United States, No. 13-CV-00110-JHM, ECF No. 64 (emphasis in original). The District Court explained:

Plaintiff's repeated filing of civil actions re-hashing the same arguments is improper and harassing and clearly unwarranted. His submission of frivolous and duplicative lawsuits serves no legitimate purpose, places a tremendous burden on this Court's limited resources, and deprives other litigants with meritorious claims of the speedy resolution of their cases. The similarity of Plaintiff's actions and the timing evince his bad faith and improper purpose in filing the present action. As such, it is appropriate for this Court to impose sanctions upon Plaintiff.

Id.

The procedural history of plaintiff's two previous actions filed in the United States Court of Federal Claims, Lea I, case no. 14-044 and Lea III, case no. 14-1070, has a significant impact on the above-captioned case currently under review. Plaintiff's complaint in the above-captioned case is largely repetitive of the very claims included in those two prior cases.[5] In January 2014, plaintiff filed his first complaint in this trial court based on the same facts that are alleged in plaintiff's present complaint. See Lea I, 2014 WL 2101367. The Lea I complaint alleged numerous claims, including tortious interference, fraud, and breach of contract and sought monetary, declaratory, and injunctive relief. See id. at *3-5. In that case, Judge Allegra of this court initially granted defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim and dismissed plaintiff's complaint. See id. Plaintiff appealed the decision to the United States Court of Appeals for the Federal Circuit, and, on November 7, 2014, in Lea II, the Federal Circuit affirmed the trial court's dismissal of plaintiff's tort and fraud claims, but concluded, with regard to plaintiff's breach of contract claim, that the trial court had applied the incorrect legal standard for determining whether plaintiff was a third party beneficiary to a contract. See Lea II, 592 F. App'x at 934. As a result, the Federal Circuit vacated Judge Allegra's trial court decision with regard to plaintiff's breach of contract claim and remanded only plaintiff's breach of contract claim against the United States so that the trial court could address the breach of contract claim using the correct legal standard. See id.

Four days before the Federal Circuit issued its opinion, however, plaintiff initiated a second trial court action against the United States in the United States Court of Federal Claims, which was based on the same set of facts as the prior complaint. See Lea III, 120 Fed. Cl. 440. As noted above, this second new complaint, filed in this court on November

---

[5] In Lea I, plaintiff asserted claims based on fraud, tortious interference, and breach of contract. In Lea III, plaintiff asserted the same breach of contract claim, as well as several other, new allegations including violations of the 5th and 14th Amendments to the Constitution of the United States, regulatory and contractual takings, and unjust enrichment. In Lea IV, the above-captioned case, plaintiff has asserted a combination of the claims in Lea I and Lea III.

3, 2014,[6] included the same third party beneficiary breach of contract claim put forth in plaintiff's first complaint filed in this court, Lea I, but also included some new legal theories and claims, including allegations rooted in the 5th and 14th Amendments to the United States Constitution. See id. at 443. As a result of plaintiff's duplicative filings, two judges of this court were concurrently adjudicating certain of plaintiff's allegations, Judge Allegra in the first trial court case, Lea I, and Judge Sweeney in the second trial court case, Lea III. In the first case, Lea I, remanded from the Federal Circuit, the only issue left for consideration was plaintiff's breach of contract claim based on a third party beneficiary theory. In Lea III, before Judge Sweeney, plaintiff raised new claims including regulatory and contractual takings, unjust enrichment, and violations of the 5th and 14th Amendments to the United States Constitution, in addition to plaintiff's previously asserted claims alleging breaches of express and implied-in-fact contracts. While Lea I was still on remand, in Lea III, Judge Sweeney granted defendant's motion to dismiss for lack of subject matter jurisdiction on March 9, 2015, and, subsequently, denied plaintiff's motion for reconsideration on March 17, 2015. See id. at 445-47. Judge Sweeney's March 9, 2015 decision concluded that the court lacked subject matter jurisdiction over plaintiff's noncontractual claims, including his claims based on a 5th Amendment taking, due process under the 5th and 14th Amendments to the United States Constitution, unjust enrichment, conspiracy, and an implied-in-fact contract. See id. at 445-46. Judge Sweeney also noted that, with regard to plaintiff's contractual claims, "plaintiff is already pursuing his claim that the United States breached the loan agreement in his earlier-filed case," (Lea I on remand) and that "[i]n both cases pending in this court, plaintiff asserts claims against the United States for breach of contract arising from the foreclosure of his property." See id. at 446, 447. Accordingly, "to promote judicial economy and conserve the parties' resources," Judge Sweeney dismissed "the breach-of-contract claims set forth in plaintiff's second amended complaint [in Lea III] without prejudice." See id. at 447.

Three days after Judge Sweeney denied plaintiff's motion for reconsideration in Lea III, on March 20, 2015, plaintiff filed his complaint in the above-captioned case, which the court refers to as Lea IV.[7] Three days later, having received Judge Sweeney's decision in Lea III, and having filed a third action in this court, Lea IV, on March 23, 2015, plaintiff moved to voluntarily dismiss the Judge Allegra case, Lea I, before the remand issue was adjudicated. Judge Allegra, therefore, dismissed the case on March 24, 2015. Given plaintiff's overlapping and duplicative maneuvers, and mindful of the procedural history and prior adjudications, this court now reviews plaintiff's complaint in this, his third, filed trial court action on the same subject matter, Lea IV.

The pro se plaintiff characterizes the complaint in the above-captioned case as a "breach of contract claim" and Fifth Amendment "takings claim." Applying a liberal and generous interpretation to plaintiff's somewhat unclear and rambling pleadings, and giving

---

[6] Plaintiff subsequently filed an amended complaint, and a second amended complaint. See Lea III, 120 Fed. Cl. at 443.

[7] The above-captioned case was reassigned several times before it was reassigned to the undersigned on June 23, 2015.

plaintiff the benefit of liberal construction of his pleadings as a pro se plaintiff, see Haines v. Kerner, 404 U.S. 519, 520–21, reh'g denied, 405 U.S. 948 (1972), this court has understood plaintiff's complaint as alleging that the USDA: (1) performed "**Regulatory**" and "**CONTRACTUAL**" takings through foreclosure of the farm; (2) breached the loan guarantee contract to which he was a third party beneficiary; (3) breached an implied-in-fact contract by not obeying federal regulations concerning foreclosure procedures; (4) racially discriminated against plaintiff in conducting the appraisal of the farm property;[8] (5) purposefully devalued the farm property by denying Mr. Lea's subordination claim, breaching the duty of good faith and fair dealing;[9] (6) breached a fiduciary duty to plaintiff by not suspending Farmers National Bank's foreclosure on the farm property;[10] (7) breached the second mortgage contract; and (8) that the government was unjustly enriched. (emphasis and capitalization in original). Plaintiff alleges that this court has jurisdiction pursuant to the Contract Disputes Act[11] and the Tucker Act, 28 U.S.C. § 1491 (2012). Plaintiff indicates in his complaint that he is entitled to "'essential reliance'" damages, "incidental or collateral damages," and that he is seeking $3,000,000.00 in damages. Additionally plaintiff requests that "all costs of this action be taxed to the

---

[8] Although plaintiff does not specifically explain the legal basis for his racial discrimination claim, it is well-established that this court does not have jurisdiction over civil rights claims brought under Title VII of the Civil Rights Act of 1964 because Congress vested the district courts with exclusive jurisdiction over such claims. See 28 U.S.C. § 1343(a)(4) (2012).

[9] To the extent plaintiff attempts to re-allege tortious interference, such a claim also is precluded from moving forward in this court because, in Lea I, Judge Allegra previously dismissed plaintiff's claim for tortious interference based on the same facts as those alleged in the complaint currently before the court in Lea IV. See Lea I, 2014 WL 2101367, at *2. Moreover, to the extent plaintiff is attempting to allege any tort claims against defendant, such claims must be dismissed for lack of subject matter jurisdiction because this court does not possess jurisdiction over claims that sound in tort. See 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."); see also New Am. Shipbuilders v. United States, 871 F.2d 1077, 1079 (Fed. Cir.1989) ("If the government misconduct alleged was tortious, jurisdiction is not granted the Claims Court under the Tucker Act"); Tree Farm Dev. Corp. v. United States, 218 Ct. Cl. 308, 316, 585 F.2d 493, 498 (1978) (noting that the Court of Claims "specifically lacks jurisdiction in cases sounding in tort" under the Tucker Act).

[10] See footnote 9.

[11] Although plaintiff appears to allege that this court has jurisdiction to hear his claims under the Contract Disputes Act, 41 U.S.C. § 7104 (2012), plaintiff has failed to allege facts sufficient for this court to exercise jurisdiction under the Contract Disputes Act. Specifically, plaintiff did not allege, nor is there any indication, that he submitted a certified claim to a contracting officer for a final decision.

[d]efendant," and that the court provide any other relief "this court may find just and proper."

After he filed his complaint in Lea IV, and before defendant had an opportunity to respond to the complaint, plaintiff filed a motion for partial summary judgment on April 16, 2015. In response, defendant moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction, for failure to state a valid claim for relief, and on collateral estoppel grounds. The parties have fully briefed both motions in the above-captioned case Lea IV.

## DISCUSSION

Although plaintiff has been denied in forma pauperis status in this case, Lea IV, and he has paid the filing fee, plaintiff had received in forma pauperis status in previous cases. This court recognizes that plaintiff is proceeding pro se in this action. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. at 520–21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9–10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524, aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 135 S. Ct. 1909 (2015). "However, '"[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading."'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995)); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

As a threshold matter, this court first considers defendant's motion to dismiss for lack of subject matter jurisdiction because the case may not proceed further if the court lacks jurisdiction. See PIN/NIP, Inc. v. Platte Chem. Co., 304 F.3d 1235, 1241 (Fed. Cir. 2002); see also Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993). If the court does not have subject matter jurisdiction to consider plaintiff's claims, then plaintiff's

motion for partial summary judgment becomes moot. See Booth v. United States, 990 F.2d at 620; see also Estes Express Lines v. United States, 123 Fed. Cl. 538, 550 (2015) (dismissing parties' cross motions for summary judgment as moot because the court did not possess jurisdiction to consider plaintiff's claim). It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428 (2011); see also Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented."); Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990)); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy." Sebelius v. Auburn Reg'l Med. Ctr., 133 S. Ct. 817, 824 (2013); see also Arbaugh v. Y & H Corp., 546 U.S. at 506 ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); Cent. Pines Land Co., L.L.C. v. United States, 697 F.3d 1360, 1364 n.1 (Fed. Cir. 2012) ("An objection to a court's subject matter jurisdiction can be raised by any party or the court at any stage of litigation, including after trial and the entry of judgment." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506–07)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))) (Fed. Cir. 2008); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise sua sponte, even where . . . neither party has raised this issue." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc. v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir.), cert. denied, 525 U.S. 826 (1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part sub. nom Lab. Corp. of Am. Holdings v. Metabolite Labs., Inc., 546 U.S. 975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006); see also Avid Identification Sys., Inc. v. Crystal Import Corp., 603 F.3d 967, 971 (Fed. Cir.) ("This court must always determine for itself whether it has jurisdiction to hear the case before it, even when the parties do not raise or contest the issue."), reh'g and reh'g en banc denied, 614 F.3d 1330 (Fed. Cir. 2010), cert. denied, 131 S. Ct. 909 (2011).

The Tucker Act grants jurisdiction to this court as follows:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289–90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. at 94 ("In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. 555-56 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)))).

The doctrine of res judicata "includes the two related concepts of claim preclusion and issue preclusion." Nasolak Coating Corp. v. Nylok Corp., 522 F.3d 1320, 1323 (Fed. Cir. 2008). As articulated by the United States Supreme Court, the rule of issue preclusion, or collateral estoppel, precludes a party from re-litigating an issue that was "litigated and resolved in a valid court determination essential to the prior judgment." New Hampshire v. Maine, 532 U.S. 742, 748-49, reh'g denied, 533 U.S. 968 (2001). In addition, "[u]nder collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980); see also United States v. Mendoza, 464 U.S. 154, 158 (1984) ("Under the judicially-developed doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation."). "When an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443 (1970). The United States Supreme Court has explained that issue preclusion guards against "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153–54 (1979) (footnote omitted). The Supreme Court indicated that:

> Issue preclusion bars successive litigation of "an issue of fact or law" that "is actually litigated and determined by a valid and final judgment, and . . . is essential to the judgment." Restatement (Second) of Judgments § 27 (1980) (hereinafter Restatement). If a judgment does not depend on a given determination, relitigation of that determination is not precluded. Id., § 27, Comment h.

Bobby v. Bies, 556 U.S. 825, 834 (2009). The Federal Circuit has explained that:

> Issue preclusion bars a cause of action when four conditions are met: "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) the plaintiff had a full and fair opportunity to litigate the issue in the first action."

Laguna Hermosa Corp. v. United States, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (quoting In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994).

The Court of Appeals for the Federal Circuit has explained that principles of issue preclusion may apply to questions of jurisdiction. See Citizens Elecs. Co., Ltd. v. OSRAM GmBH, 225 F. App'x 890, 893 (Fed. Cir. 2007); see also Amgen Inc. v. United States Int'l Trade Comm'n, 902 F.2d 1532, 1536 n.5 (Fed. Cir. 1990) ("Dismissals for lack of jurisdiction may be given res judicata effect as to the jurisdictional issue.") The United States Court of Federal Claims previously explained that, under the doctrine of issue preclusion, or collateral estoppel, this court may be precluded from exercising subject matter jurisdiction in an ongoing action when the same action, based on the same facts, has been previously dismissed on jurisdictional grounds and the jurisdictional flaw that necessitated dismissal on the first suit has not been cured. See Lowe v. United States, 79 Fed. Cl. 218, 228 (2007) ("It is beyond cavil that the issue of collateral estoppel goes to subject matter jurisdiction, and may be pleaded as a 12(b)(1) motion." (citing Schwasinger v. United States, 49 F. App'x 888 (2002) (affirming lower court's dismissal of a plaintiff's third complaint on the basis of collateral estoppel because plaintiff's two prior complaints were identical to the third complaint and had been dismissed for lack of subject matter jurisdiction))). Although "the mere *dismissal* of a claim for lack of subject matter jurisdiction does not operate as an adjudication of that claim on the merits," a dismissal for lack of subject matter jurisdiction retains *"some preclusive effect"* unless, after the initial dismissal, a plaintiff has cured the jurisdictional deficiency identified in the first suit. See id. at 229 (emphasis in original); see also Vink v. Hendrikus Johannes Schifj Rolkan N.V., 839 F.2d 676, 677 (Fed. Cir. 1988) ("A dismissal for lack of subject matter jurisdiction. . . is not a disposition on the merits and thus permits a litigant to refile in an appropriate forum."). "If [a] second-filed claim presents the same jurisdictional issue as raised in the first suit, the doctrine of res judicata bars the second claim," unless "the second-filed claim contains new information which cures the jurisdictional defect fatal to the first-filed suit." Goad v. United States, 46 Fed. Cl. 395, 398, appeal dismissed, 243 F.3d 553 (Fed. Cir.), cert. denied, 531 U.S. 1015 (2000). "If the alleged 'cure' is sufficient to repair the prior jurisdictional defect, collateral estoppel does not apply to the prior jurisdictional determination." Lowe v. United States, 79 Fed. Cl. at 230.

In its motion to dismiss plaintiff's complaint in the above-captioned case, defendant argues that "Mr. Lea is collaterally estopped from re-litigating a taking, unjust enrichment, and breach of an implied-in-fact contract claim, all of which were previously dismissed by this Court for lack of subject matter jurisdiction." Defendant asserts that plaintiff's claims asserting a taking, unjust enrichment, and breach of an implied-in-fact contract are identical to claims that plaintiff asserted in a previous action filed in this court, which were dismissed either by this court or by the Court of Appeals for the Federal Circuit for lack of jurisdiction. Defendant further asserts that plaintiff has not cured the jurisdictional defects in his current complaint, Lea IV. Defendant is correct. Apart from a handful of minor, inconsequential variations, in the above-captioned case, plaintiff's claims for regulatory taking, contractual taking, unjust enrichment, and breach of an implied-in-fact contract are each the mirror image of the claims set forth in Judge Sweeney's case, Lea III, which were previously dismissed for lack of subject matter jurisdiction. After denying plaintiff's motion to stay, a tactic used by plaintiff in the above-captioned case as well, but before plaintiff had responded to defendant's motion to dismiss, Judge Sweeney determined that this court lacked subject matter jurisdiction to consider plaintiff's "Fifth Amendment takings claim," "claims under the Due Process Clauses of the Fifth and Fourteenth Amendments," "claims of unjust enrichment," and "plaintiff's implied-in-fact contract claim." Lea III, 120 Fed. Cl. at 445-46. Plaintiff filed a substantive motion for reconsideration, to which Judge Sweeney issued a decision finding that neither reconsideration nor relief from judgment was warranted. See Lea III, Case No. 14-1070C (Fed. Cl. Mar. 17, 2015).

Applying the facts currently before the court in Lea IV to the issue preclusion test as articulated by the United States Court of Appeals for the Federal Circuit, see Laguna Hermosa Corp. v. United States, 671 F.3d at 1288, it appears that this court already has ruled that this court does not have subject matter jurisdiction to hear plaintiff's claims for a taking, unjust enrichment, and breach of an implied-in-fact contract. Thus, plaintiff is precluded from re-litigating those issues unless he can demonstrate that he has cured the jurisdictional defects previously identified in his claims. With regard to the first and second factors of the issue preclusion test, the facts and issues alleged in the above-captioned case, Lea IV, regarding plaintiff's claims for a taking, unjust enrichment, and breach of an implied-in-fact contract are identical to the issues presented in Lea III, and the same parties, Mr. Lea and the United States, have had an opportunity to litigate the issues in Lea III. See Lea III, 120 Fed. Cl. at 445-46 (Judge Sweeney determined that this court lacked subject matter jurisdiction to consider plaintiff's "Fifth Amendment takings claim," "claims under the Due Process Clauses of the Fifth and Fourteenth Amendments," "claims of unjust enrichment," and "plaintiff's implied-in-fact contract claim."). As to the third factor of the issue preclusion test, resolution of the subject matter jurisdiction issue was essential to the resolution of Lea III because jurisdiction is a gateway determination that must be made before this court can consider the merits of plaintiff's claims. Indeed, this court cannot consider any action unless it has subject matter jurisdiction to do so. See Arbaugh v. Y & H Corp., 546 U.S. at 514. In satisfaction of the fourth factor of the issue preclusion test, the record in Lea III demonstrates that, after consideration of plaintiff's complaint, Judge Sweeney issued a decision addressing the court's jurisdiction over the merits of plaintiff's claims and also reviewed plaintiff's motion for reconsideration. "[F]ederal courts have an independent obligation to ensure that they

do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." <u>Henderson ex rel. Henderson v. Shinseki</u>, 562 U.S. at 434; <u>see also</u> <u>Gonzalez v. Thaler</u>, 132 S. Ct. at 648 ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.") The issue of subject matter jurisdiction over many of plaintiff's claims listed above was resolved in <u>Lea III</u>, therefore, plaintiff, having been unsuccessful in the prior action, may not again command the resources of this court in order to re-litigate the same issues without demonstrating that the jurisdictional defects were cured, which plaintiff has not even marginally demonstrated in his complaint or filings before this court in <u>Lea IV</u>. <u>See</u> <u>Lowe v. United States</u>, 79 Fed. Cl. at 228.

In response to defendant's allegation that plaintiff has not cured the jurisdictional defects in his complaint with regard to his claims for a taking, unjust enrichment, and breach of an implied-in-fact contract currently before the court, plaintiff demonstrates confusion about the procedural posture of his multiple actions in this court and about the boundaries of this court's jurisdiction. Plaintiff responds that he "amended his complaint and that court stated that it was dismissed without prejudice. In other words, it could be brought back after the deficiency was cured." Plaintiff appears to be caught in a web of his own creation. Although plaintiff voluntarily dismissed the remanded action over which Judge Allegra presided (<u>Lea I</u>), that dismissal occurred on March 23, 2015, approximately two weeks after Judge Sweeney issued her decision in <u>Lea III</u> dismissing plaintiff's claims alleging a taking, unjust enrichment, and breach of an implied-in-fact contract for lack of subject matter jurisdiction. Thus, despite plaintiff's apparent efforts to avoid the results of Judge Sweeney's decision by voluntarily dismissing his case before Judge Allegra, <u>Lea I</u>, the elements of Judge Sweeney's decision on jurisdiction in <u>Lea III</u> are binding on plaintiff. If plaintiff was dissatisfied with Judge Sweeney's decision in <u>Lea III</u>, plaintiff was entitled to appeal that decision to the United States Court of Appeals for the Federal Circuit, just as he did in <u>Lea I</u> regarding Judge Allegra's decision. Plaintiff may not, however, revisit the <u>Lea III</u> decision by filing yet another action in this court based on the same facts and including the same claims. Moreover, plaintiff cannot rely on his voluntary dismissal in <u>Lea I</u> to avoid the court's decision in <u>Lea III</u>. Because plaintiff has failed to cure the deficiencies with regard to these claims, or even allege that the deficiencies have been cured, plaintiff is precluded from re-alleging his claims of a taking, unjust enrichment, and breach of an implied-in-fact contract in <u>Lea IV</u>, the case currently before this court.

The prior multiple adjudications of plaintiff's claims through this court and the United States Court of Appeals for the Federal Circuit narrow the issues remaining for possible review. By voluntarily dismissing the <u>Lea I</u> action before Judge Allegra could decide the breach of contract issue remanded by the Federal Circuit, plaintiff may have preserved his ability to initiate a later action alleging breach of contract. As explained above, in the <u>Lea III</u> decision, Judge Sweeney acknowledged that plaintiff's breach of contract claim was pending before Judge Allegra. Thus, she dismissed plaintiff's breach of contract claims in <u>Lea III</u>, without prejudice, "to promote judicial economy and conserve the parties' resources," perhaps assuming that the breach of contract claim would be resolved in the then-open <u>Lea I</u> remanded action. <u>See</u> <u>Lea III</u>, 120 Fed. Cl. at 447. Given

the previous proceedings and decisions of this court in <u>Lea I</u> and <u>Lea III</u>, the only claims in plaintiff's complaint that could survive for this court's consideration now in the above-captioned case, <u>Lea IV</u>, are plaintiff's claims alleging that defendant (1) breached the loan guarantee contract to which he allegedly was a third party beneficiary; (2) purposefully devalued the farm property by denying his subordination claim, breaching the duty of good faith and fair dealing; (3) breached a fiduciary duty to plaintiff by not suspending Farmers National Bank's foreclosure on the farm property; and (4) breached the second mortgage contract.

In his current complaint, plaintiff alleges multiple breach of contract claims. Plaintiff tries to rely on the loan guarantee agreement between the USDA and Farmers National Bank as the first express contract, to which he alleges he was a third party beneficiary, and the "second mortgage direct loan contract" as the second express contract between himself and defendant. Pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), privity of contract between a plaintiff and the United States government is required to bring a cause of action in the United States Court of Federal Claims for express and implied contracts. <u>See Cienega Gardens v. United States</u>, 194 F.3d 1231, 1239 (Fed. Cir. 1998) ("Under the Tucker Act, the Court of Federal Claims has jurisdiction over claims based on 'any express or implied contract with the United States.' 28 U.S.C. § 1491(a)(1) (1994). We have stated that '[t]o maintain a cause of action pursuant to the Tucker Act that is based on a contract, the contract must be between the plaintiff and the government.'" (quoting <u>Ransom v. United States</u>, 900 F.2d 242, 244 (Fed. Cir. 1990))), <u>cert. denied</u>, 528 U.S. 820 (1999); <u>see also Estes Express Lines v. United States</u>, 739 F.3d 689, 693 (Fed. Cir. 2014); <u>Flexfab, L.L.C. v. United States</u>, 424 F.3d 1254, 1265 (Fed. Cir. 2005) (The "government consents to be sued only by those with whom it has privity of contract."); <u>S. Cal. Fed. Sav. & Loan Ass'n v. United States</u>, 422 F.3d 1319, 1328 (Fed. Cir.) ("A plaintiff must be in privity with the United States to have standing to sue the sovereign on a contract claim," but noting exceptions to this general rule (citing <u>Anderson v. United States</u>, 344 F.3d 1343, 1352 (Fed. Cir.), <u>reh'g and reh'g en banc denied</u> (Fed. Cir. 2003))); <u>United States v. Algoma Lumber Co.</u>, 305 U.S. 415, 421 (1939))), <u>reh'g and reh'g en banc denied</u> (Fed. Cir. 2005), <u>cert. denied</u>, 548 U.S. 904 (2006); <u>Erickson Air Crane Co. of Wash. v. United States</u>, 731 F.2d 810, 813 (Fed. Cir. 1984) ("The government consents to be sued only by those with whom it has privity of contract.").

The United States Court of Appeals for the Federal Circuit "has recognized limited exceptions to [the privity rule] when a party standing outside of privity 'stands in the shoes of a party within privity.'" <u>See Sullivan v. United States</u>, 625 F.3d 1378, 1380 (Fed. Cir. 2010) (quoting <u>First Hartford Corp. Pension Plan & Trust v. United States</u>, 194 F.3d 1279, 1289 (Fed. Cir. 1999), <u>reh'g en banc denied</u> (Fed. Cir. 2000)). A party lacking privity with the United States may be able to sue the federal government if it can demonstrate that it is an intended third party beneficiary of a contract with the United States. <u>See Sioux Honey Ass'n v. Hartford Fire Ins. Co.</u>, 672 F.3d 1041, 1056 ("A plaintiff lacking privity of contract can nonetheless sue for damages under that contract if it qualifies as an intended third-party beneficiary."); <u>see also Alpine Cnty., Cal. v. United States</u>, 417 F.3d 1366, 1368 (Fed. Cir. 2005) ("In order to sue for damages on a contract claim, a plaintiff must have either direct privity or third-party beneficiary status."); <u>Anderson v. United States</u>, 344 F.3d at 1352 ("Without either direct privity or third-party beneficiary status, the Paul

sons lack standing to sue the government and cannot therefore recover damages from the United States."); Nelson Constr. Co. v. United States, 79 Fed. Cl. 81, 95 (2007); Entergy Nuclear Indian Point 2, LLC v. United States, 64 Fed. Cl. 515, 523 (2005) ("To have standing to bring a breach of contract claim, plaintiffs must also be in privity of contract with the government or a third party beneficiary of a contract with the government."); O. Ahlborg & Sons, Inc. v. United States, 74 Fed. Cl. 178, 188 (2006) ("The third-party beneficiary exception exists to cover situations in which the subcontractor 'stands in the shoes of a party with privity.'" (quoting First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d at 1289)). But see Chancellor Manor v. United States, 331 F.3d 891, 901 (Fed. Cir. 2003) (holding that "Appellants could establish privity of contract if they are intended third-party beneficiaries of a contract with the United States . . . ." (citing First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d at 1289)); Stockton E. Water Dist. v. United States, 70 Fed. Cl. 515, 526 (2006) ("One method of 'establish[ing] privity of contract [is] if [plaintiffs] are intended third-party beneficiaries of a contract with the United States . . . .'" (quoting Chancellor Manor v. United States, 331 F.3d at 901)) (modifications in original), judgment entered, 75 Fed. Cl. 321, modifying in part, 76 Fed. Cl. 470, reconsideration denied, 76 Fed. Cl. 497 (2007), rev'd on other grounds, 583 F.3d 1344 (Fed. Cir. 2009), partial reh'g granted, 638 F.3d 781 (Fed. Cir. 2011); Klamath Irrigation Dist. v. United States, 67 Fed. Cl. 504, 532 ("Such privity would exist if the irrigators are properly viewed as third-party beneficiaries to the district contracts." (citing Chancellor Manor v. United States, 331 F.3d at 901, and First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d at 1289)), modifying order, 68 Fed. Cl. 119, denying certification of interlocutory appeal, 69 Fed. Cl. 160 (2005).

In the Federal Circuit's decision in Lea II, which considered plaintiff's appeal of Judge Allegra's decision in Lea I, the Federal Circuit explained that, following its decision in Montana v. United States, 124 F.3d 1269, 1273 (Fed. Cir. 1997), "'[i]n order to prove third-party beneficiary status, a party must demonstrate that the contract not only reflects the express or implied intention to benefit the party, but that it reflects an intention to benefit the party directly.'" Lea II, 592 F. App'x at 934 (quoting Montana v. United States, 124 F.3d at 1273) (modification in original); see also Glass v. United States, 258 F.3d 1349, 1354 (Fed. Cir.) ("In order to prove third party beneficiary status, a party must demonstrate that the contract not only reflects the express or implied intention to benefit the party, but that it reflects an intention to benefit the party directly."), reh'g and reh'g en banc denied (Fed. Cir.), opinion amended on rehearing, 273 F.3d 1072 (Fed. Cir. 2001). "Third party beneficiary status is an 'exceptional privilege.'" Glass v. United States, 258 F.3d at 1354 (quoting German Alliance Ins. Co. v. Home Water Supply Co., 226 U.S. 220, 230 (1912)).

Construing pro se plaintiff's pleadings liberally, it appears that plaintiff alleges several varying breaches of an express contract between the USDA and Farmers National Bank, to which plaintiff asserts he was a third party beneficiary, as well as the second mortgage agreement, allegedly between plaintiff and the USDA. Plaintiff alleges that the "United States Congress conferred third party beneficiary status to the guaranteed loan." Although the parties do not dispute the existence of either contract, to establish third party beneficiary status, plaintiff, however, must demonstrate that the

parties to a specific agreement intended for the agreement to directly benefit him. See Montana v. United States, 124 F.3d at 1273.

In the case currently before the court, Lea IV, the borrower identified on the guaranteed loan agreement was Corey Lea, Inc., the corporate entity, and not Mr. Lea personally. Similarly, the mortgagor identified on the second mortgage agreement was Corey Lea, Incorporated, and not Corey Lea. Corey Lea, the individual, was not indicated as the intended third party beneficiary to the loan guarantee agreement between the USDA and Farmers National Bank. Even if there could be any viable claims against defendant based on the facts in plaintiff's complaint, which this court does not reach or conclude, Mr. Lea, as a pro se plaintiff representing himself in his personal capacity, is the wrong party to assert those claims. Therefore, notwithstanding plaintiff's multiple and repetitive submissions to this court, it appears that Mr. Lea has not alleged or offered sufficient information to establish himself as the proper party plaintiff who may assert contractual claims against defendant United States. Plaintiff has not established that he was a third party beneficiary to either contract. Instead, Corey Lea, Inc., which is the named entity on both the loan guarantee agreement between the USDA and Farmers National Bank and the second mortgage agreement, is the only entity that may be eligible to allege contractual claims against defendant based on third party beneficiary status. Therefore, plaintiff's allegations do not establish subject matter jurisdiction for the breach of contract claims filed in the name of Corey Lea, the individual, because he cannot demonstrate privity between himself and defendant based on his status as a third party beneficiary.

Furthermore, Mr. Lea cannot pursue these breach of contract allegations on behalf of Corey Lea, Inc. without representation. According to RCFC 83.1(a)(3) an "individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any other proceeding before this court." RCFC 83.1(a)(3) (2015); see also Talasila, Inc. v. United States, 240 F.3d 1064, 1066 (Fed. Cir.) ("[Plaintiff] must be represented by counsel in order to pursue its claim against the United States in the Court of Federal Claims."), reh'g and reh'g en banc denied (Fed. Cir. 2001); Finast Metal Prods., Inc. v. United States, 12 Cl. Ct. 759, 761 (1987) ("[A] corporate 'person' can no more be represented in court by a non-lawyer—even its own president and sole shareholder—than can any individual."); Affourtit v. United States, 79 Fed. Cl. 776, 779 (2006) ("A corporation appearing before the United States Court of Federal Claims . . . must be represented by an attorney.") This rule applies despite possible financial hardship imposed on the plaintiff. See Richdel, Inc. v. Sunspool Corp., 699 F.2d 1366, 1366 (Fed. Cir. 1983) (holding that the plaintiff's "substantial financial hardship" did not waive the rule requiring corporations to be represented by counsel); Balbach v. United States, 119 Fed. Cl. 681, 683 (2015) ("A pro se plaintiff cannot represent a corporation . . . The Court cannot waive this rule, even for cases of severe financial hardship." (citing Affourtit v. United States, 79 Fed. Cl. at 780)). In accordance with RCFC 83.1(a)(3), plaintiff cannot represent the interests of Corey Lea, Inc. before this court because he is not an attorney admitted to the bar of this court. In his complaint and his subsequent submissions to the court, plaintiff confuses and conflates himself and

his company, Corey Lea, Inc. Plaintiff, Corey Lea the individual, and Corey Lea, Inc., the corporate entity, however, are separate under the law. Plaintiff cannot cloak himself as Corey Lea, Inc. in order to assert a claim for damages against the United States. To the extent that Mr. Lea's complaint is a veiled attempt to allow Corey Lea, the individual, to litigate on behalf of Corey Lea, Inc., under RCFC 83.1(a)(3), absent a notice of appearance filed by an attorney admitted to this court, plaintiff's complaint must be dismissed. Since no such notice of appearance has been filed, this court cannot proceed to adjudicate plaintiff's pro se contractual claims.[12]

Accordingly, for all of the reasons stated above, plaintiff's contractually-based claims alleging that defendant (1) breached the loan guarantee contract to which he was a third party beneficiary; (2) purposefully devalued the farm property by denying plaintiff's subordination claim, breaching the implied duty of good faith and fair dealing; (3) breached a fiduciary duty to plaintiff by not suspending Farmers National Bank's foreclosure on the farm property; and (4) breached the second mortgage contract, are dismissed. This is pro se plaintiff's third attempt, in a two-year period, to pursue the same claims in the United States Court of Federal Claims, and it should be his last filed in this, or any other, trial court. During the previous seven years, pro se plaintiff Corey Lea has relentlessly and frivolously taxed the limited resources of the federal judiciary by filing numerous, duplicative complaints in this and other federal courts based on the same fundamental set of facts. Although plaintiff may consider this decision another unhappy ending, this decision should send a clear message to Mr. Lea.

## CONCLUSION

For all the reasons discussed above, defendant's motion to dismiss is **GRANTED** and plaintiff's complaint is **DISMISSED**. Plaintiff's motion for partial summary judgment and his motion for leave to conduct limited discovery and to stay the proceedings are **DISMISSED** as **MOOT**. Costs to defendant. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

IT IS SO ORDERED.

MARIAN BLANK HORN
Judge

---

[12] Plaintiff understands the difference between himself, Corey Lea, and Corey Lea, Inc. as he has previously filed actions as Corey Lea, Inc. See, e.g., Lea et al. v. United States, No. 10-CV-00029-JHM (Mr. Lea filed as two separate plaintiffs: Corey Lea, Inc. and Corey Lea).