**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-292C
Filed: May 10, 2016

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| COREY LEA, | **FILED** |
| Plaintiff, | MAY 1 0 2016 |
| v. | U.S. COURT OF FEDERAL CLAIMS |
| UNITED STATES, et al., | |
| Defendants.[1] | |
| * * * * * * * * * * * * * * | |

**Corey Lea**, Hendersonville, TN, pro se plaintiff.

**Jessica L. Cole**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her were **Reginald T. Blades, Jr.**, Assistant Director, **Robert E. Kirschman, Jr.**, Director, Commercial Litigation Branch, and **Benjamin C. Mizer**, Principal Deputy Assistant Attorney General, Civil Division, Washington, D.C.

## ORDER

**HORN, J.**

Pro se plaintiff, Corey Lea, filed a motion to reconsider this court's April 25, 2016 Order, which dismissed plaintiff's complaint for lack of subject matter jurisdiction, for lack of standing, and on collateral estoppel grounds, pursuant to RCFC 59(a) and RCFC 60. See Lea v. United States, 2016 WL 1697941, at *11 (Fed. Cl. April 25, 2016). In his

---

[1] This court's Order on April 25, 2016 dismissed all of plaintiff's claims against any defendant other than the United States because all claims filed in the United States Court of Federal Claims must be filed against only the United States as the defendant. See Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC) (2015). The United States Supreme Court has indicated, for suits filed in the United States Court of Federal Claims and its predecessors, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941) (citation omitted); see also Kurt v. United States, 103 Fed. Cl. 384, 386 (2012); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003).

somewhat confusing motion for reconsideration, plaintiff appears to contend that he has standing, as a pro se litigant, to pursue this action on behalf of the now-dissolved corporation Corey Lea, Inc. because he is or was an officer or director of the allegedly dissolved corporation. As this court explained in its April 25, 2016 Order, however, Mr. Lea, an individual, cannot represent the corporation Corey Lea, Inc. as an individual pro se litigant, even if it is a dissolved entity. See id. Moreover, to the extent that plaintiff moves for reconsideration on the basis that Corey Lea, Inc. has standing to pursue the claims Mr. Lea raised in his complaint, plaintiff's argument fails because Corey Lea, Inc. would have to be represented by counsel (see RCFC 83.1) and the corporation was not a party in the case.

Briefly summarized and construed liberally, as explained in more detail in this court's April 25, 2016 Order dismissing plaintiff's complaint in case number 15-292C, the complaint in the above-captioned case appeared to allege that, in 2007, the now-dissolved company Corey Lea, Inc. obtained a loan from Farmers National Bank to purchase farm property. This loan was guaranteed by the United States Department of Agriculture (USDA) Farm Service Agency (FSA) through a loan guarantee agreement. As a result of the loan guarantee agreement, both Farmers National Bank and the USDA FSA held mortgages on the farm property. In 2009, after foreclosure proceedings on the property concluded, Farmers National Bank was granted a Judgment and Order of Sale on the property. Since the foreclosure, plaintiff has initiated several actions across the federal judiciary system, including the above-captioned case.[2] Plaintiff's most recent

---

[2] As noted in this court's April 25, 2016 Order, Corey Lea is a frequent federal court litigant. In addition to the above-captioned case, which the court referred to as Lea IV, plaintiff, Corey Lea, has filed at least eleven separate actions within the federal judiciary system based on the same set of facts, including: Lea v. United States, No. 3:16-CV-00735 (M.D. Tenn. April 13, 2016) (ongoing); Lea v. Farmers Nat'l Bank, No. 3:15-CV-00595 (M.D. Tenn. May 27, 2015) (finding plaintiff's case "to be legally frivolous by reason of improper venue"); Lea v. United States, No. 14-44C, 2014 WL 2101367 (Fed. Cl. May 19, 2014) (Lea I), aff'd in part, vacated in part, 592 F. App'x 930 (Fed. Cir. 2014) (Lea II) (voluntarily dismissed); Lea v. United States, 120 Fed. Cl. 440 (Lea III) (granting defendant's motion to dismiss); Lea v. United States, No. 14-CV-00040-TBR (W.D. Ky. May 29, 2014) (dismissing plaintiff's complaint for violation of the sanctions against him); Lea v. United States, No. 13-CV-00110-JHM (W.D. Ky. Feb. 6, 2014) (finding plaintiff's claims frivolous and issuing sanctions enjoining plaintiff from filing related civil claims), aff'd, No. 14-5493 (6th Cir. Dec. 18, 2014), cert. denied, Case No. 14-8315 (April 6, 2015); Lea v. United States, No. 10-CV-00052-JHM (W.D. Ky. Jul. 11, 2013) (granting defendants' motion to dismiss), aff'd, No. 14-5445 (6th Cir. Dec. 18, 2014), cert. denied, Case No. 14-8315 (April 6, 2015); Lea v. United States, 1:11-CV-00094-JHM (W.D. Ky. Aug. 26, 2011) (transferred to Sixth Circuit at plaintiff's request); Lea v. United States, No. 10-CV-00029-JHM (W.D. Ky. Jan. 19, 2011) (granting defendants' motion to dismiss), aff'd, No. 11-5969 (6th Cir. Aug. 7, 2013); Lea v. Kentucky, 1:09-CV-0056-TBR (W.D. Ky. April 20, 2010) (granting defendants' motion to dismiss); Lea v. Farmers Nat'l Bank, 1:09-CV-00075-JHM-ERG (W.D. Ky. July 21, 2009) (granting defendants' motion to dismiss

complaint in this court, case number 15-292C, attempted to allege several breaches of contract, as well as takings claims.

This court's April 25, 2016 Order dismissing plaintiff's complaint found that, with regard to plaintiff's claims based on alleged takings, tort, and implied-in-fact contract, his complaint was dismissed on collateral estoppel grounds because two other judges on this court had previously dismissed those claims for lack of subject matter jurisdiction and plaintiff had failed to cure the identified jurisdictional deficiencies in the complaint filed as case number 15-292C assigned to the undersigned.[3] See Lea v. United States, No. 14-44C, 2014 WL 2101367 (dismissing plaintiff's claims alleging tortious interference and fraud based on lack of subject matter jurisdiction); Lea v. United States, 120 Fed. Cl. at 444-446 (dismissing plaintiff's claims alleging contractual and regulatory takings under the 5th Amendment to the United States Constitution, due process violations under the 5th and 14th Amendments to the United States Constitution, unjust enrichment, conspiracy, and implied-in-fact contract). With regard to plaintiff's remaining breach of contract claims, this court found that "Mr. Lea, as a pro se plaintiff representing himself in his personal capacity, is the wrong party to assert those claims." See Lea v. United States, 2016 WL 1697941, at *11. The court explained:

> [T]he borrower identified on the guaranteed loan agreement was Corey Lea, Inc., the corporate entity, and not Mr. Lea personally. Similarly, the mortgagor identified on the second mortgage agreement was Corey Lea, Incorporated, and not Corey Lea.

Id.

Moreover, the April 25, 2016 Order further explained:

Mr. Lea cannot pursue these breach of contract allegations on behalf of Corey Lea, Inc. without representation. According to RCFC 83.1(a)(3) an "individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any other proceeding before this court." RCFC 83.1(a)(3) (2015); see also Talasila, Inc. v. United States, 240 F.3d 1064, 1066 (Fed. Cir.) ("[Plaintiff] must be represented by counsel in order to pursue its claim against the United States in the Court of Federal Claims."), reh'g and reh'g en banc denied (Fed. Cir. 2001); Finast Metal Prods., Inc. v. United States, 12 Cl. Ct. 759, 761 (1987) ("[A] corporate 'person' can no

---

and finding that pro se plaintiff Corey Lea cannot pursue claim on behalf of corporation, Corey Lea, Inc.).

[3] The court's April 25, 2016 Order recounted, in detail, the procedural history of plaintiff's two other, related actions at the United States Court of Federal Claims and his appeal to the United States Court of Appeals for the Federal Circuit. See Lea v. United States, 2016 WL 1697941, at *3-5.

3

> more be represented in court by a non-lawyer—even its own president and sole shareholder—than can any individual."); Affourtit v. United States, 79 Fed. Cl. 776, 779 (2006) ("A corporation appearing before the United States Court of Federal Claims . . . must be represented by an attorney.") This rule applies despite possible financial hardship imposed on the plaintiff. See Richdel, Inc. v. Sunspool Corp., 699 F.2d 1366, 1366 (Fed. Cir. 1983) (holding that the plaintiff's "substantial financial hardship" did not waive the rule requiring corporations to be represented by counsel); Balbach v. United States, 119 Fed. Cl. 681, 683 (2015) ("A pro se plaintiff cannot represent a corporation . . . The Court cannot waive this rule, even for cases of severe financial hardship." (citing Affourtit v. United States, 79 Fed. Cl. at 780)). In accordance with RCFC 83.1(a)(3), plaintiff cannot represent the interests of Corey Lea, Inc. before this court because he is not an attorney admitted to the bar of this court. In his complaint and his subsequent submissions to the court, plaintiff confuses and conflates himself and his company, Corey Lea, Inc. Plaintiff, Corey Lea the individual, and Corey Lea, Inc., the corporate entity, however, are separate under the law. Plaintiff cannot cloak himself as Corey Lea, Inc. in order to assert a claim for damages against the United States. To the extent that Mr. Lea's complaint is a veiled attempt to allow Corey Lea, the individual, to litigate on behalf of Corey Lea, Inc., under RCFC 83.1(a)(3), absent a notice of appearance filed by an attorney admitted to this court, plaintiff's complaint must be dismissed. Since no such notice of appearance has been filed, this court cannot proceed to adjudicate plaintiff's pro se contractual claims.[4]

Id.

In plaintiff's motion for reconsideration, Mr. Lea argues that this court improperly concluded that plaintiff did not have standing, and plaintiff asserts that "[t]he defendant did not raise the issue of a dissolved corporation having standing in this court," as well as that "this suit is merely winding up the affairs of a dissolved corporation." Notwithstanding, it remains the conclusion of this court that Corey Lea, the individual, cannot litigate on behalf of the corporation Corey Lea, Inc. See RCFC 83.1(a)(3). Plaintiff has not raised any new issues for this court's consideration that would lead this court to reconsider its dismissal of plaintiff's complaint in its April 25, 2016 Order.

Reconsideration of a judgment is not intended to permit a party to retry its case when it previously was afforded a full and fair opportunity to do so. The United States Court of Appeals for the Federal Circuit has stated that: "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir.), reh'g denied (Fed. Cir. 1990); see

---

[4] As noted in the court's April 25, 2016 Order, plaintiff understands the difference between himself, Corey Lea, and Corey Lea, Inc. as he has previously also filed actions as Corey Lea, Inc. See, e.g., Lea et al. v. United States, No. 10-CV-00029-JHM (Mr. Lea filed as two separate plaintiffs: Corey Lea, Inc. and Corey Lea).

4

also Carter v. United States, 207 Ct. Cl. 316, 318, 518 F.2d 1199, 1199 (1975), cert. denied, 423 U.S. 1076, reh'g denied, 424 U.S. 950 (1976); Osage Tribe of Indians of Okla., 97 Fed. Cl. 345, 348 (2011) (discussing RCFC 59(a) and 60(b)); Oenga v. United States, 97 Fed. Cl. 80, 83 (2011) (discussing RCFC 59(a)); Webster v. United States, 92 Fed. Cl. 321, 324, recons. denied, 93 Fed. Cl. 676 (2010) (discussing RCFC 60(b)); Alpha I, L.P. ex rel. Sands v. United States, 86 Fed. Cl. 126, 129 (2009) (discussing RCFC 54(b) and 59(a)); Banks v. United States, 84 Fed. Cl. 288, 291-92 (2008) (discussing RCFC 54(b) and 59(a)); Corrigan v. United States, 70 Fed. Cl. 665, 667-68 (2006) (discussing RCFC 59(a)); Tritek Techs., Inc. v. United States, 63 Fed. Cl. 740, 752 (2005); Keeton Corr., Inc. v. United States, 60 Fed. Cl. 251, 253 (2004) (discussing RCFC 59(a)); Paalan v. United States, 58 Fed. Cl. 99, 105 (2003), aff'd, 120 F. App'x 817 (Fed. Cir.), cert. denied, 546 U.S. 844 (2005); Citizens Fed. Bank, FSB v. United States, 53 Fed. Cl. 793, 794 (2002) (discussing RCFC 59(a)).

"Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999)), reh'g en banc denied (Fed. Cir.), cert. denied, 546 U.S. 826 (2005) (discussing RCFC 59(a)); see also Fiskars, Inc. v. Hunt Mfg. Co., 279 F.3d 1378, 1382 (Fed. Cir. 2002) ("Rule 60(b)(6) is available only in extraordinary circumstances and only when the basis for relief does not fall within any of the other subsections of Rule 60(b)." (citing Marquip, Inc. v. Fosber America, Inc., 198 F.3d 1363, 1370 (Fed. Cir. 1999), reh'g denied (Fed. Cir. 2000)); Provident Sav. Bank v. Popovich, 71 F.3d 696, 700 (7th Cir. 1995)); Oenga v. United States, 97 Fed. Cl. at 83; Seldovia Native Ass'n Inc. v. United States, 36 Fed. Cl. 593, 594 (1996), aff'd, 144 F.3d 769 (Fed. Cir. 1998) (discussing RCFC 59(a)). Generally, "[t]he cases seem to make [a] fault/no fault distinction the controlling factor in determining whether extraordinary circumstances will be found or not. In a vast majority of cases finding that extraordinary circumstances do exist so as to justify relief, the movant is completely without fault...." 12 Joseph T. McLaughlin and Thomas D. Rowe, Jr., Moore's Federal Practice § 60.48[3][b] (3rd ed. 2008) (discussing RCFC 60(b)(6)); see also Amado v. Microsoft Corp., 517 F.3d 1353, 1363 (Fed. Cir. 2008) (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 393 (1993)) (discussing RCFC 60(b)(6)).

Courts must address reconsideration motions with "exceptional care." Carter v. United States, 207 Ct. Cl. at 318, 518 F.2d at 1199; see also Global Computer Enters. v. United States, 88 Fed. Cl. 466, 468 (2009) (discussing RCFC 59(a)). "The three primary grounds that justify reconsideration are: '(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.'" Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC, 597 F.3d 1374, 1383 (Fed. Cir. 2010); see also Griffin v. United States, 96 Fed. Cl. 1, 7 (2010), mot. to amend denied, appeal dismissed, 454 F. App'x 899 (Fed. Cir. 2011) (discussing RCFC 59(a)); Totolo/King Joint Venture v. United States, 89 Fed. Cl. 442, 444 (2009) (quoting Stockton E. Water Dist. v. United States, 76 Fed. Cl. 497, 499 (2007), aff'd in part, vacated in part, rev'd in part on other grounds, 583 F.3d 1344 (2009) (citation omitted) (discussing RCFC 59(a))) appeal dismissed, 431 F. App'x 895 (Fed. Cir.), reh'g denied (2011) (discussing RCFC 59(a)); Dairyland Power Coop. v. United States, 90 Fed.

5

Cl. 615, 652 (2009), recons. denied, No. 04-106C, 2010 WL 637793 (Fed. Cl. Feb. 22, 2010), aff'd in part, vacated in part on other grounds, 2011 WL 2519519 (Fed. Cir. June 24, 2011) (discussing RCFC 59(a)); Matthews v. United States, 73 Fed. Cl. 524, 526 (2006) (citations omitted) (discussing RCFC 59); Prati v. United States, 82 Fed. Cl. 373, 376 (2008) (discussing RCFC 59(a)); Tritek Techs., Inc. v. United States, 63 Fed. Cl. at 752; Bannum, Inc. v. United States, 59 Fed. Cl. 241, 243 (2003) (discussing RCFC 59(a)); Citizens Fed. Bank, FSB v. United States, 53 Fed. Cl. at 794; Strickland v. United States, 36 Fed. Cl. 651, 657, recons. denied (1996) (discussing RCFC 59(a)); Bishop v. United States, 26 Cl. Ct. 281, 286, recons. denied (1992) (discussing RUSCC 59). "Manifest," as in "manifest injustice," is defined as "clearly apparent or obvious." Ammex, Inc. v. United States, 52 Fed. Cl. 555, 557 (2002), aff'd, 384 F.3d 1368 (Fed. Cir. 2004), cert. denied, 544 U.S. 948 (2005) (discussing RCFC 59). "Where a party seeks reconsideration on the ground of manifest injustice, it cannot prevail unless it demonstrates that any injustice is 'apparent to the point of being almost indisputable.'" Griffin v. United States, 96 Fed. Cl. at 7 (quoting Pac. Gas & Elec. Co. v. United States, 74 Fed. Cl. 779, 785 (2006), aff'd in part, rev'd in part on other grounds, 536 F.3d 1282 (Fed. Cir. 2008)). "A court, therefore, will not grant a motion for reconsideration if the movant 'merely reasserts...arguments previously made...all of which were carefully considered by the court.'" Ammex, Inc. v. United States, 52 Fed. Cl. at 557 (quoting Principal Mut. Life Ins. Co. v. United States, 29 Fed. Cl. 157, 164 (1993), aff'd, 50 F.3d 1021 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir. 1995)) (emphasis in original); see also Griffin v. United States, 96 Fed. Cl. at 7; Bowling v. United States, 93 Fed. Cl. 551, 562, recons. denied (2010) (discussing RCFC 59(a) and 60(b)); Webster v. United States, 92 Fed. Cl. at 324 (discussing RCFC 59(a) and 60(b)); Pinckney v. United States, 90 Fed. Cl. 550, 555 (2009); Tritek Techs., Inc. v. United States, 63 Fed. Cl. at 752.

In sum, it is logical and well established that, "'[t]he litigation process rests on the assumption that both parties present their case once, to their best advantage;' a motion for reconsideration thus should not be based on evidence that was readily available at the time the motion was heard." Seldovia Native Ass'n Inc. v. United States, 36 Fed. Cl. at 594 (quoting Aerolease Long Beach v. United States, 31 Fed. Cl. 342, 376, aff'd, 39 F.3d 1198 (Fed. Cir. 1994) (table)). "Post-opinion motions to reconsider are not favored, especially 'where a party has had a fair opportunity to...litigate the point in issue.'" Aerolease Long Beach v. United States, 31 Fed. Cl. at 376 (quoting Prestex, Inc. v. United States, 4 Cl. Ct. 317, 318, aff'd, 746 F.2d 1489 (Fed. Cir. 1984) (citing Gen. Elec. Co. v. United States, 189 Ct. Cl. 116, 117-18, 416 F.2d 1320, 1321 (1969))) (omission in original; other citation omitted).

Not only does Mr. Lea's motion to reconsider fail to raise any new issues, but, it demonstrates his refusal to understand the rules on legal representation of corporate entities clearly set forth in RCFC 83.1. Plaintiff's argument does not even address the clear prohibition in RCFC 83.1 directing that pro se individuals "may not represent a corporation, an entity, or any other person in any other proceeding before this court." RCFC 83.1(a)(3). Further, to the extent that plaintiff argues that the allegedly now-dissolved corporation Corey Lea, Inc. has standing to pursue its claims against the United States in this court, Mr. Lea fails to distinguish that Corey Lea, Inc. is not a plaintiff in the

above-captioned case. Indeed, in the April 25, 2016 Order, this court specifically indicated:

> Even if there could be any viable claims against defendant based on the facts in plaintiff's complaint, which this court does not reach or conclude, Mr. Lea, as a pro se plaintiff representing himself in his personal capacity, is the wrong party to assert those claims. . . . Instead, Corey Lea, Inc., which is the named entity on both the loan guarantee agreement between the USDA and Farmers National Bank and the second mortgage agreement, is the only entity that may be eligible to allege contractual claims against defendant based on third party beneficiary status.

See Lea v. United States, 2016 WL 1697941, at *11.

Additionally, notwithstanding plaintiff's attempt in his motion for reconsideration to reargue his motion for summary judgment, because the court found that it lacked jurisdiction to consider plaintiff's claims, the court deemed that motion moot in its April 25, 2016 Order. See id., at *12; see also Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993); Estes Express Lines v. United States, 123 Fed. Cl. 538, 550 (2015) (dismissing parties' cross motions for summary judgment as moot because the court did not possess jurisdiction to consider plaintiff's claim).

## CONCLUSION

For the foregoing reasons and because plaintiff has failed to raise any new issues that would warrant reconsideration of this court's April 25, 2016 Order, plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**